1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| SEAN ROBBINS,<br><br>              Plaintiff,<br><br>     v.<br><br>LDM-PROPERTIES, LLC, et al.,<br>              Defendant. | Case No. 8:22-cv-00933-CJC-KES<br><br>ORDER REMANDING CASE TO<br>STATE COURT |
|---|---|

**I.**

**BACKGROUND**

On January 18, 2022, Sean Robbins ("Plaintiff") brought an action for unlawful detainer against Beniamino Cattaneo ("Removing Defendant") and others (collectively, "Defendants") in the Superior Court of California for the County of Orange ("OCSC"), case number 30-2022-01241263-CL-UD-CJC ("UD Case"). (Dkt. 1 ["Notice of Removal"].)  The Complaint alleges that Plaintiff purchased the real property located at 32091 Point Place (also known as 32029 Point Place) in Laguna Beach, California, "by virtue of a foreclosure sale duly held pursuant to a power of sale under a Deed of Trust."  (Id., Ex. 1 ["Complaint"] ¶ 5.)  Plaintiff alleges that Defendants are in unlawful possession of the subject property.  (See generally, Complaint.)

On May 5, 2021, Removing Defendant filed a Notice of Removal removing this unlawful detainer to federal court.  (Id.)  The Notice of Removal alleges that Plaintiff, an individual, "is not organized or licensed to do business in California." (Id. at 2.)  It further alleges that the sale of the property was a sham and that Removing Defendant "will not be able to receive a fair hearing or trial in [OSCS] in that she will be denied due process because [OSCS] will ignore any evidence if there is a trustee's deed upon sell, whether valid or invalid, denying defendant an opportunity to be heard."  (Id. at 3.)  Removing Defendant asserts that the Court has jurisdiction under 28 U.S.C. § 1332 (diversity) and § 1343 (deprivation of Constitutional rights).  For the reasons that follow, the Court *sua sponte* REMANDS this action to OCSC for lack of subject matter jurisdiction.

## II.

## DISCUSSION

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress."  Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002) (citation omitted).  Where Congress has acted to create a right of removal, those statutes are strictly construed against removal jurisdiction.  Id.; Nevada v. Bank of Am. Corp., 672 F.3d 661, 667 (9th Cir. 2012); accord Jordan v. Nationstar Mortg. LLC, 781 F.3d 1178, 1183 (9th Cir. 2015).  Unless otherwise expressly provided by Congress, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a); accord Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013).  The removing defendant bears the burden of establishing federal jurisdiction.  Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 682 (9th Cir. 2006).  "Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts."  Syngenta Crop Prot., 537 U.S. at 33.  Failure

1   to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may

2   not be waived, and … the district court must remand if it lacks jurisdiction."

3   Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192

4   (9th Cir. 2003).

5       "If at any time before final judgment it appears that the district court lacks

6   subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "It is

7   elementary that the subject matter jurisdiction of the district court is not a waivable

8   matter and may be raised at any time by one of the parties, by motion or in the

9   responsive pleadings, or *sua sponte* by the trial or reviewing court." Emrich v.

10  Touche Ross & Co., 846 F.2d 1190, 1194 n.2 (9th Cir. 1988); accord Carolina Cas.

11  Ins. Co. v. Team Equip., Inc., 741 F.3d 1082, 1086 (9th Cir. 2014).

12  **A.     Diversity Jurisdiction (28 U.S.C. § 1332).**

13      Diversity jurisdiction exists when "the matter in controversy exceeds the sum

14  of $75,000, exclusive of interest and costs, and is between ... citizens of different

15  States." 28 U.S.C. § 1332(a)(1). "The party asserting diversity jurisdiction bears

16  the burden of proof." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th

17  Cir. 2001) Diversity jurisdiction here is lacking.

18      First, Removing Defendant has not alleged that all adverse parties are

19  diverse. Individuals are considered "at home" for purposes of diversity jurisdiction

20  in their place of domicile where they "reside with the intention to remain." Kanter

21  v. Warner–Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). While the Notice of

22  Removal asserts that Plaintiff "is not organized or licensed to do business in

23  California," this statement is nonsensical in reference to an individual and

24  insufficient to allege Plaintiff's place of residence.

25      Second, Removing Defendant fails to allege that all Defendants have

26  consented to removal. Under the judicially-established unanimity rule, all

27  defendants who have appeared must unite in a petition for the removal to a federal

28  court when a joint cause of action is alleged against all defendants. See Chicago,

1    R.I. & P. Ry. Co. v. Martin, 178 U.S. 245, 245 (1900).  Although there is no

2    particularly prescribed manner in which codefendants' joinder must be expressed,

3    the Notice of Removal must contain at least "an averment of the other defendants'

4    consent."  Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1225 (9th Cir.

5    2009).  There is no such averment here from any codefendant who has appeared.

6    (See UD Case, Register of Actions nos. 78, 79, 80, 81 [answers filed by Lisa

7    Duamarell, Stephen Mills, Antonella Pezzola, and Ilaria Cattaneo].)

8        Third, the amount in controversy requirement has not been met since the

9    underlying action is a limited civil action that does not exceed $25,000.  28 U.S.C.

10   § 1332(a).

11       Fourth, Removing Defendant appears to be a citizen of California, given that

12   his address listed on the Notice of Removal is in Laguna Beach, California, i.e., the

13   subject property of the unlawful detainer action.  Removal on the basis of diversity

14   is not permitted by defendants who are "at home" in the state.  28 U.S.C.

15   § 1441(b)(2).

16   **B.    Deprivation of Constitutional Rights (28 U.S.C. § 1343).**

17       Removing Defendant also alleges jurisdiction pursuant to 28 U.S.C. § 1343,

18   which grants district courts original jurisdiction over actions "commenced by any

19   person" to redress the deprivation of constitutional rights.  Jurisdiction under

20   § 1343 is limited actions involving: (1) conspiracy to interfere with civil rights;

21   (2) failure to prevent or aid in preventing a conspiracy to interfere with civil rights;

22   (3) deprivation of rights under color of state law; and (4) acts of congress for

23   protection of civil rights.  28 U.S.C. § 1343(a)(1)-(4).  None of these grounds for

24   jurisdiction exist here.

25       The underlying complaint is for unlawful detainer, not deprivation of

26   constitutional rights, and to the extent Removing Defendant asserts jurisdiction is

27   proper because she "will be denied due process" in OCSC, that is not a proper basis

28   for jurisdiction under  § 1343.  "[T]he existence of federal jurisdiction depends

4

solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." <u>ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and Envtl. Quality</u>, 213 F.3d 1108, 1113 (9th Cir. 2000); <u>accord City of Oakland v. BP PLC</u>, 960 F.3d 570, 577 (9th Cir.), <u>opinion amended and superseded on other grounds on denial of reh'g</u>, 969 F.3d 895 (9th Cir. 2020), and <u>cert. denied sub nom. Chevron Corp. v. Oakland, CA</u>, No. 20-1089, 2021 WL 2405350, 2021 U.S. LEXIS 3100 (U.S. June 14, 2021).  Indeed, "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 393, (1987); <u>see Berg v. Leason</u>, 32 F.3d 422, 426 (9th Cir. 1994), <u>as amended</u> (Sept. 7, 1994) ("neither an affirmative defense based on federal law, nor one based on federal preemption renders an action brought in state court removable") (citations omitted).

### III.

### CONCLUSION

This Court does not have subject matter jurisdiction over this case.  IT IS THEREFORE ORDERED that this matter be REMANDED to the Superior Court of the State of California for the County of Orange.

DATED:  May 10, 2022

_____

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

Presented by:

_____

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE